**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

AUTOMATIC MANUFACTURING
SYSTEMS, INC.,

    Plaintiff/Counterclaim Defendant,

vs.                                  Case No. 6:12-cv-1727-Orl-37DAB

PRIMERA TECHNOLOGY, INC.,

    Defendant/Counterclaim Plaintiff.

## ORDER

This cause is before the Court on the following:

1. Defendant's Motion to Stay Case Pending Inter Partes Review Proceeding (Doc. 20), filed March 21, 2013; and

2. Plaintiff's Opposition to Motion to Stay (Doc. 25), filed April 4, 2013.

## BACKGROUND

Plaintiff, which manufacturers and markets equipment used to print machine readable labels on glass microscope slides, bring this patent infringement action against Defendant, which competes against Plaintiff in the glass-microscope-slide-printing-machine market. (Doc. 1, ¶¶ 1–6.) Plaintiff is the holder of U.S. Patent No. 8,013,884 ("the '884 Patent"), the claims of which are directed to a device that can print information onto the surface of a glass object and methods for doing so. (*Id.* ¶¶ 7–8.) Plaintiff asserts that Defendant infringes at least one of the claims of the '844 Patent by manufacturing, using, selling, and offering to sell a product known as the Signature slide printer. (*Id.* ¶ 13.) Plaintiff also brings claims against Defendant for inducing others' infringement of the patent claims (*id.* ¶¶ 15–19) and for contributory infringement under

35 U.S.C. § 271(c) (*id.* ¶¶ 21–24).

Defendant moves to stay this action in view of the petition for *inter partes* review that it filed on March 19, 2013, with the United States Patent and Trademark Office ("USPTO"). (Doc. 20.) Plaintiff opposes. (Doc. 25.)

## STANDARDS

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion" of a USPTO administrative proceeding. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). The party seeking a stay bears the burden of showing that such a course is appropriate. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). In patent cases, a number of courts reason that such stays should be liberally granted when there is a pending administrative proceeding pending before the USPTO. *See, e.g.*, *Sabert Corp. v. Waldington N. Am.*, No. 06-5423, 2007 WL 2705157, at *6 (D.N.J. Sept. 14, 2007). These courts reason that the time and effort that the parties and the court expend prosecuting the court action would be wasted if the USPTO's decision in the administrative proceeding drastically alters the nature of the case. *See WABCO Holdings v. Bendix Commercial Vehicle Sys.*, 2010 WL 2628335, at *2 n. 2 (D.N.J. June 28, 2010) (Falk, J.).

A stay pending an administrative proceeding is not automatic; rather, it must be based upon the circumstances of the individual case before the court. *See, e.g.*, *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 755 (E.D.Tex. 2006). In deciding whether to stay a given action, courts frequently consider three factors: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simply the issues in question and trial of the

case; and (3) whether discovery is complete and whether a trial date has been set. *See, e.g.*, *WABCO Holdings*, 2010 WL 2628335, at *2. The court's inquiry is not limited to these three factors—the totality of the circumstances governs. *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, No. 12-00329, 2013 WL 1876459, at *2 (N.D. Cal. May 2, 2013).

## DISCUSSION

Defendant asks the Court to stay this litigation based upon the mere fact that it petitioned the USPTO to initiate an administrative proceeding called an *inter partes* review. This type of proceeding is relatively new. It was created by Congress in the Leahy-Smith America Invents Act (the "AIA") in response to perceived deficiencies in an older administrative proceeding called an *inter partes* reexamination. *See Universal Elecs., Inc.*, 2013 WL 1876459, at *1.

The timeline for these proceedings is instructive. Anyone who is not the patent owner may petition the USPTO to initiate an *inter partes* review of a patent. 35 U.S.C. § 311(a). The petitioner may request that the USPTO cancel one or more of a patent's claims, but only if such claims are obvious or anticipated by "prior art consisting of patents or printed publications." *Id.* § 311(b). After a petition requesting *inter partes* review is filed, the patent owner has three months to file a preliminary response opposing the request. 35 U.S.C. § 313; 37 C.F.R. § 42.107(b). The USPTO then has another three months in which to decide whether to initiate an *inter partes* review of the patent. *See* 35 U.S.C. § 314(b). It may do so if it determines that there is "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." *Id.* § 314(a). The AIA directs the USPTO to conclude an *inter partes* review within one year of its "initiation" unless the Director extends this period by

six months. *Id.* § 316(a)(11).

During that time, a panel of three Administrative Patent Judges of the Patent Trial and Appeal Board ("PTAB") will preside over the *inter partes* review. 35 U.S.C. §§ 6, 316(c). The parties can respond to each other's arguments, take limited discovery, and have the right to an oral hearing. *Id.* § 316(a)(5), (8), (10), and (13). The patent owner may cancel any challenged claim or propose substitute claims. *Id.* § 316(d). The petitioner need only prove invalidity by a preponderance of the evidence. *Id.* § 316(e). Decisions of the PTAB will be appealed directly to the U.S. Court of Appeals for the Federal Circuit. 35 U.S.C. §§ 141(c), 319.

Putting aside the procedural aspects of an *inter partes* review, the decision of whether to stay is also affected by the scope of the review. An *inter partes* review is limited to only those "claims challenged in the petition." If, based on the petition and the patent owner's preliminary response, the USPTO determines "that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition," then it may initiate a review. 35 U.S.C. § 314(a); *see also* 37 C.F.R. § 42.108(c). The scope of the review is indeterminate until the UPSTO's determination, however, because the regulations that implement the AIA provide further that the USPTO may choose to review "all or some of the grounds of unpatentability asserted for each claim." 37 C.F.R. § 42.108(a). In fact, even if all the grounds in a petition are well-taken, the USPTO may authorize the review to proceed on only "some of the challenged claims" or on only "some of the grounds of unpatentability asserted for each claim." *Id.* Indeed, the USPOT decline to conduct the review altogether if it cannot proceed with a review within the mandated timeframe. 77 Fed. Reg. 48,689.

In view of this administrative framework, it seems clear that a stay of a patent

4

infringement action is not warranted when based on nothing more than the fact that a petition for *inter partes* review was filed in the USPTO. All in all, a petition can be pending before the USPTO for up to six months before the agency decides to "initiate" an *inter partes* review. This six months is a kind of limbo that requires the court and the parties to wait while the USPTO makes its decision. If it chooses not to proceed, then this action will have been left languishing on the Court's docket with no discovery, no positioning of the parties on claim construction, and no dispositive motions. Put simply, the parties will be no closer to trial in a type of case that requires "early substantive disclosure" in order to efficiently manage discovery and pretrial motion practice. *See* Peter S. Menell, et al., *Patent Case Management Judicial Guide* 2-20 (2d ed. 2012).

Even if the USPTO decides to initiate a review, the law makes clear that the review itself is limited to anticipation and obviousness, which are only two of the many, many defenses to patent infringement. The USPTO may choose to limit its review to a few claims challenged in the petition or to a grounds asserted by the petitioner. It may also choose not to proceed at all notwithstanding the merits of the petition. Thus, the scope of any such review is limited and, until a decision is made by the USPTO, indeterminate.

Thus, because a petition does not shed much light on the potential scope of an *inter partes* review, and because a stay could delay these proceedings for at least six months with little to show, the Court finds that a stay would unduly prejudice or present a clear tactical disadvantage to Plaintiff. The patent owner should be able, if it desires, to prosecute its claims, to take discovery, and to set its litigation positions, at least until

such a time as the USPTO takes an interest in reviewing the challenged claims.[1] Only at that time will the scope of the *inter partes* review be known. While the USPTO decides whether to initiate a review, the parties will have sufficient time to ferret out the issues involved in this action, identify the relevant claims and defenses, and solidify their claim construction positions. Then, and only then, will the Court be in a position to make an informed decision as to whether the *inter partes* review will simplify the issues and trial.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Stay Case Pending Inter Partes Review Proceeding (Doc. 20) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 13, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record

---

[1] This is not a choice devoid of risk. This Court intends to require early substantive disclosure of Plaintiff's infringement contentions and other litigation positions. Thus, a stay of these proceedings would also, quite frankly, disadvantage Defendant because then this Court would be unable to prevent through pretrial case management a "shifting sands" litigation strategy by the patent owner. *See, e.g.*, *O2 Micro Int'l Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1365–66 (Fed. Cir. 2006); *LG Elecs., Inc. v. Q-Lity Computer, Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002).