**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

AUTOMATIC MANUFACTURING
SYSTEMS, INC.,

    Plaintiff/Counterclaim Defendant,

v.                                             Case No. 6:12-cv-1727-Orl-37DAB

PRIMERA TECHNOLOGY, INC.,

    Defendant/Counterclaim Plaintiff.

## ORDER

This cause is before the Court on the following:

1. Defendant Primera Technology Inc.'s Motion to Stay Case Based on August 5, 2013 PTO Decision to Grant Inter Partes Review of All Claims of the Asserted Patent (Doc. 51), filed August 28, 2013; and

2. Plaintiff Automatic Manufacturing Systems, Inc.'s Opposition to Defendant Primera Technology, Inc.'s Motion to Stay Case Based on August 5, 2013 PTO Decision to Grant Inter Partes Review of All Claims of the Asserted Patent (Doc. 54), filed September 16, 2013.

Upon consideration, the Court finds that Defendant's Motion to Stay (Doc. 51) is due to be granted.

## BACKGROUND

Plaintiff, a manufacturer and marketer of equipment designed to print labels onto glass microscope slides, brings this patent-infringement suit against Defendant, a competitor in the slide-printer market. (Doc. 40, ¶¶ 1–6.) Plaintiff holds U.S. Patent No. 8,013,884 ("the '884 Patent"), the claims of which are directed to methods for

printing information onto the surface of a glass object and designs for a printer that utilizes those methods. (*Id.* ¶¶ 7–8.) Plaintiff asserts that Defendant manufactures, uses, sells, or offers to sell the Signature® slide printer, a standalone slide-printing system that allegedly infringes upon at least one of the '884 Patent's twenty claims. (*Id.* ¶¶ 12–13.) Plaintiff also brings claims against Defendant for inducing others to infringe upon its patent claims (*id.* ¶¶ 17–24) and for contributory infringement under 35 U.S.C. § 271(c) (*id.* ¶¶ 25–30).

On March 19, 2013, Defendant petitioned the U.S. Patent and Trade Office ("PTO") for *inter partes* review of the '884 Patent. (*See* Doc. 20-1.) Before the PTO had decided whether to grant review, Defendant moved to stay this case pending resolution of its petition. (Doc. 20.) The Court denied the motion without prejudice, reasoning that it could not determine how review would affect this action until the PTO decided whether and to what extent it would grant review. (*See* Doc. 36, p. 5.)

On August 5, 2013, the PTO granted Defendant's petition and initiated *inter partes* review of all twenty claims in the '884 Patent. (*See* Doc. 51-1, p. 37.) Defendant then moved for the second time to stay this case pending resolution of the PTO's review. (*See* Doc. 51.) Plaintiff opposes. (Doc. 54.) This matter is now ripe for the Court's adjudication.

**STANDARDS**

Courts have broad discretion to manage their dockets, including the power to grant a stay pending the conclusion of PTO administrative proceedings. *See Proctor & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848–49 (Fed. Cir. 2008) (citing *Landis v. N. Am. Co.*, 229 U.S. 248, 254–55 (1936)). The party seeking a stay bears the burden of showing that such a course is appropriate. *See Landis*, 299 U.S. at 255. In

patent cases, a number of courts have reasoned that such stays should be liberally granted when there is a pending administrative proceeding before the PTO. *See, e.g.*, *Sabert Corp. v. Waldington N. Am.*, No. 06-5423, 2007 WL 2705157, at *6 (D.N.J. Sept. 14, 2007). These courts posit that the time and effort expended in prosecuting the action would be wasted if the PTO's decision in the administrative proceeding drastically alters the nature of the case. *See WABCO Holdings v. Bendix Commercial Vehicle Sys.*, No. 09-3179, 2010 WL 2628335, at *2 n.2 (D.N.J. June 28, 2010) (Falk, J.).

A stay pending an administrative proceeding is not automatic; rather, it must be based on the circumstances of each individual case. *See, e.g.*, *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 755 (E.D.Tex. 2006). In deciding whether to stay a given action, courts frequently consider three factors: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *See, e.g.*, *WABCO Holdings*, 2010 WL 2628335, at *2. The court's inquiry is not limited to these three factors—the totality of the circumstances governs. *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, No. 12-00329, 2013 WL 1876459, at *2 (N.D. Cal. May 2, 2013).

## DISCUSSION

Defendant requests a stay of this action pending the conclusion of the PTO's *inter partes* review of the '884 Patent. (*See* Doc. 51.) Plaintiff argues that entry of a stay would unduly prejudice it, do little to simplify this litigation, and be inappropriate at this stage of the litigation. (*See* Doc. 54, pp. 6–16.) Because *inter partes* review is a relatively new proceeding, the Court will first address the mechanics of *inter partes review*, then turn to Plaintiff's arguments.

## I.     *Inter Partes* Review

*Inter partes* review was recently created by Congress in the Leahy-Smith America Invents Act. *See* 35 U.S.C. §§ 311–319; *Universal Elecs.*, 2013 WL 1876459, at *1. It is designed to improve upon the previous *inter partes* re-examination process by "(1) . . . reduc[ing] to 12 months the time the PTO spends reviewing validity, from the previous reexamination average of 36.2 months; (2) . . . minimiz[ing] duplicative efforts by increasing coordination between district court litigation and *inter partes* review; and (3) . . . allow[ing] limited discovery in the review proceedings." *Universal Elecs.*, 2013 WL 1876459, at *1.

On *inter partes review*, a petitioner can challenge the validity of a patent only on grounds that could be raised under 35 U.S.C. § 102 (prior art) or 35 U.S.C. § 103 (obviousness), and only then "on the basis of prior art consisting of patents or printed publications." *See* 35 U.S.C. § 311(b). However, the standard for granting review is more stringent under the new *inter partes* review process than it was under the former process, as it now requires the PTO to determine that "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition" before granting review.[1] *See* 35 U.S.C. § 314(a). Accordingly, "if [the] PTO grants *inter partes review*, the promise is greater for an important contribution by the PTO to resolution of the governing issues in the litigation." *Capriola Corp. v. LaRose Indus., LLC*, No. 8:12-cv-2346-T-23TBM, 2013 WL 1868344, at *2 (M.D. Fla. Mar. 11, 2013). On review, the PTO can invalidate any claim before it, and the petitioner is collaterally estopped from later asserting in a civil action "that the claim is invalid on any

---

[1] The former standard required a "substantial new question of patentability," a lower threshold. *See Belkin Intern., Inc. v. Kappos*, 696 F.3d 1379, 1381 (Fed. Cir. 2012).

4

ground that the petitioner raised or reasonable could have raised during that *inter partes* review." 35 U.S.C. § 315(e)(2).

Once the PTO grants *inter partes* review, it must conclude its review within one year of initiation unless "good cause" can be shown to extend the review period for an additional six months. *See* 35 U.S.C. § 316(a)(11).

## II. Prejudice

Plaintiff argues that issuing a stay would prolong this litigation, which would extend the period of time that Defendant can market and sell infringing products before Plaintiff can obtain an injunction. (*See* Doc. 54, p. 6.) This delay would, in turn, unduly prejudice Plaintiff by amplifying two particularly harmful impacts of Defendant's sales: First, because the parties are direct competitors in a niche market, Defendant's sale of allegedly infringing products not only hurts Plaintiff's sales, but also diminishes Plaintiff's market share and erodes the value of its goodwill, the latter two of which cannot be adequately remedied by monetary damages. (*Id.* at 6–9.) Second, Plaintiff argues that, because the early years of a technology patent's limited term are often the most valuable, Defendant's alleged infringement in the early stages of the '884 Patent's life are especially harmful. (*Id.* at 9.)

When issuing a stay, "the potential for prejudice to a patent holder increases when the alleged infringer is a direct competitor." *Evolve Composites, Inc. v. Diversitech Corp.*, No. 1:12-cv-0208-JEC, 2013 WL 958828, at *3 (N.D. Ga. March 12, 2013) (citations omitted). "However, the litigants' status as a direct competitor does not mandate the denial of a stay." *Id.* (citing *Tomco Equip. Co. v. Se. Agri-Sys., Inc.*, 542 F. Supp. 2d 1303 (N.D. Ga. 2008)). Here, Plaintiff's concerns are largely mitigated by the expedited procedures of the new *inter partes* review. In this case, trial is set for the

5

March 2015 term—sixteen months away. (*See* Doc. 42.) The PTO issued its decision granting review on August 5, 2013. (*See* Doc. 51-1.) Accordingly, absent an extension for good cause, review of the petition must be completed by August 5, 2014, eight months prior to the current trial date. *See* 35 U.S.C. § 316(a)(11). Considering that the parties engage in limited discovery during the *inter partes* review and that the PTO's decision may significantly narrow the issues before the Court, entry of a stay in this case may not significantly impact the current trial date. In any event, entering a stay pending *inter partes* review will not subject Plaintiff to anywhere near the average three-year delay typical of the former *inter partes* re-examination procedure, so this factor does not weigh strongly against staying this action.

### III.  Simplification

Plaintiff next contends that the PTO's *inter partes* review decision will not simplify the issues in this case because its review is limited to Defendant's invalidity contentions, which are only a few of the several defenses Defendant raises in this action. (*See* Doc. 54, pp. 10–14.) The Court disagrees. Though the *inter partes* review is limited to invalidity contentions, the PTO granted review of all twenty claims in the '804 Patent, determining that "there is a reasonable likelihood" that each claim is invalid. (*See* Doc. 51-1, p. 37.) As discussed above, this heightened standard increases the likelihood that the PTO's decision will significantly contribute to the resolution of this case. *See Capriola Corp.*, 2013 WL 1868344, at *2. Even if the PTO does not invalidate the '884 Patent in its entirety, the potential for partial invalidation, the review's collateral estoppel effects, and the PTO's interpretation of the claims will likely narrow the issues and aid the Court as this action progresses. Moreover, staying litigation pending PTO administrative review has several other well-established benefits, including encouraging

6

settlement without further Court assistance and reducing the costs and efforts associated with needlessly duplicative discovery. *See, e.g.*, *Interface, Inc. v. Tandus Flooring, Inc.*, No. 4:13-cv-46-WSD, 2013 WL 5945177, at *4 (N.D. Ga. Nov. 5, 2013). Accordingly, the prospect of simplification of the issues weighs strongly in favor of staying this case.

### IV. Trial Stage

Finally, this action is still in its early stages. (*See* Docs. 42, 53.) Discovery remains open for another eight months, the *Markman* proceedings have not yet occurred, and trial is not set until the March 2015 term. (*See* Doc. 42.) Accordingly, the court finds that "the progress of this case favors the entry of a stay." *See, e.g.*, *Interface*, 2013 WL 5945177, at *4 (staying a case in its early stages of discovery); *see also Alps S., LLC v. Ohio Willow Wood Co.*, No. 8:07-cv-2076-T-23MAP, 2008 WL 8793609, at *2 (M.D. Fla. Dec. 3, 2008) (finding that staying a case during a PTO re-examination is appropriate where it can prevent the need for parties to prepare multiple iterations of *Markman* briefs).

In summary, because this litigation is in its early stages, and because the likelihood that PTO's *inter partes* review decision will simplify the issues substantially outweighs Plaintiff's potential prejudice, the Court finds that this action is due to be stayed pending the conclusion of the PTO's *inter partes* review of the '804 Patent.

### CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant Primera Technology Inc.'s Motion to Stay Case Based on August 5, 2013 PTO Decision to Grant Inter Partes Review of All Claims of the Asserted Patent (Doc. 51) is **GRANTED**.

2. This action is **STAYED**.

3. The Clerk is **DIRECTED** to vacate all existing deadlines.

4. Defendant is **DIRECTED** to notify the Court as soon as the U.S. Patent and Trade Office concludes *inter partes* review of Patent No. 8,013,884.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 21, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record